IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMA/AMERICAN MARKETING          :       CIVIL ACTION
ASSOCIATION, INC.               :
                                :
       v.                       :
                                :
MAPLE AVENUE APARTMENTS, L.P. :       NO. 07-1650

MEMORANDUM AND ORDER

McLaughlin, J.                                    July 17, 2007


        This is a declaratory judgment action over the terms of
an agreement for the transfer of real property.  The defendant
has moved to dismiss the case, or in the alternative, stay it, on
the ground that there is a pending state proceeding that involves
the same issues.  The Court will grant the motion and dismiss the
case.


I.   The Allegations of the Plaintiff's Federal Complaint

        The plaintiff, AMA/American Marketing Association, Inc.
("AMA"), owns a piece of property in Ambler PA.  AMA entered into
a "Contribution Agreement" with Maple Avenue Apartments LP ("the
Maple LP") to transfer the property to the Maple LP.  In return,
AMA would receive a limited partnership interest in the Maple LP.

        The parties' obligations under the Contribution
Agreement were subject to a contingency.  Under Section 4 of the
Agreement, the parties' obligations were contingent on the Maple

LP's receiving, at its cost and expense, all government approvals necessary to allow the construction of 200 residential units on the property.

The Agreement required that the Maple LP obtain these government approvals within 12 months after the expiration of a 90-day "due diligence" period.  If the approvals were not obtained within the 12-month approval period, then Section 4 provided that either party could terminate the agreement. Section 4 further provided that the Maple LP could extend the approval period by two additional six-month increments, if it gave AMA written notice of its intention to do so before the deadline expired.

The Maple LP exercised its right under Section 4 to extend the approval deadline.  With this extension, the Maple LP was required to obtain the approvals by June 8, 2006.  The Maple LP failed to do so.

On June 23, 2006, the Maple LP wrote AMA a letter, acknowledging that it had not yet obtained the requisite government approvals.  The letter states that the Maple LP anticipates being able to obtain final approval of its building plans "in just a few more months" and that closing of the transaction should be possible before the end of the year.

In subsequent communications with AMA, the Maple LP has contended that this June 23, 2006, letter constituted a waiver of

the contingency that it obtain the necessary government approvals.  The Maple LP contends that it has the right to waive the contingency pursuant to the Term Sheet agreed to by the parties, which is attached as exhibit D to the Contribution Agreement.  The Term Sheet gives the Maple LP the sole and exclusive right to waive the government approvals as a condition precedent to the contract.  The Term Sheet, however, also provides that this right is "non-enforceable."

AMA contends that the Term Sheet was attached to and incorporated into the Contribution Agreement only for the limited purpose of defining the parties' obligations to modify the Maple LP partnership upon consummation of the deal.  AMA contends the Term Sheet provisions regarding waiver of the condition precedent did not become part of the final agreement and, in any event, are superceded by the terms of Section 4.  Section 4 does not give the Maple LP the right to waive the condition precedent.

AMA also contends that even if the Maple LP had a right to waive the condition precedent, it had to exercise that right before the expiration of the time for obtaining government approvals.  Once that time expired and the condition precedent failed to occur (and had not been waived), AMA acquired the absolute right to terminate the agreement.

In this suit, AMA seeks a declaratory judgment that the Contribution Agreement is no longer in force because the

3

governmental approvals were not obtained within the required period.  AMA also seeks injunctive relief striking a <u>lis pendens</u> that the Maple LP obtained against the property in state court proceedings discussed below.  AMA contends the <u>lis pendens</u> is improper because it is based on the Maple LP's interest in the property under the Contribution Agreement, which the AMA contends has been terminated.  In addition to the removal of the <u>lis pendens</u>, AMA seeks damages for its imposition and its effect on the saleability of the property.

II.   <u>The Pending State Court Case</u>

        Eight months before AMA filed this federal suit, the Maple LP filed suit over the Contribution Agreement in the Court of Common Pleas of Montgomery County, Pennsylvania.  The action was commenced by summons on August 24, 2007 and the complaint was filed November 16, 2006.  The complaint seeks specific performance of the Contribution Agreement, as well as damages for unjust enrichment and tortious interference with prospective business relations.

        According to Maple LP's state court complaint, after the Maple LP sent AMA its June 23, 2006, letter, informing AMA that it had not yet received all government approvals, neither party terminated the agreement.  Instead, AMA sent the Maple LP a request that it pay real estate taxes due on its property.

4

Although the Contribution Agreement said that the Maple LP only had to a prorated portion of the taxes at settlement, the Maple LP agreed to pay them earlier and in full.  The Maple LP then asked AMA to commit to a definitive closing date, but AMA refused and instead attempted to extract additional concessions and money.  To protect its interests, the Maple LP obtained a <u>lis pendens</u> on the property.  The Maple LP alleges on information and belief that, despite this lien, AMA has attempted to market the property to others and has represented to governmental authorities that the Contribution Agreement has expired.

AMA filed preliminary objections to the Maple LP's complaint in December 2006, raising <u>inter alia</u> the argument that its obligation to proceed under the Contribution Agreement was contingent on the governmental approvals being obtained with in the contract period and that its obligation to perform was therefore ended.  These objections were overruled by the state court, without opinion, on March 30, 2007.  Discovery in the state court case is underway.

III. <u>Decision</u>

This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a).  Unlike other jurisdictional statutes, the federal jurisdiction authorized by the Declaratory Judgment Act is discretionary:  "In a case of actual controversy

within its jurisdiction . . . any court of the United States
. . . <u>may</u> declare the rights and other legal relations of any
interested party seeking such declaration . . ." <u>Id.</u> (emphasis
added).  A district court therefore has discretion to decline to
exercise jurisdiction over a declaratory judgment in favor of
parallel state court proceedings.  <u>Wilton v. Seven Falls Co.</u>, 515
U.S. 277 (1995).

        The <u>Wilton</u> court identified several of the factors that
should be examined in exercising this discretion:  whether the
claims of all parties in interest can be satisfactorily
adjudicated in the state court proceeding; whether all necessary
parties can and have been joined; and the scope of the pending
state court proceeding and the nature of the defenses available
there.  <u>Id.</u> at 283 (citing <u>Brillhart v. Excess Ins. Co. of Am.</u>,
316 U.S. 491, 495 (1942)).  The central inquiry behind these
factors is whether the questions in controversy in the federal
suit can better be settled in the pending state court
proceedings.  <u>Brillhart</u> at 495.

        The United States Court of Appeals for the Third
Circuit has identified additional factors to be considered,
including (1) the likelihood that a federal court declaration
will resolve the uncertainty of obligation which gave rise to the
controversy; (2) the convenience of the parties; (3) the public
interest in settlement of the uncertainty of obligation; and (4)

the availability and relative convenience of other remedies. United States v. Pennsylvania Dept. of Env. Resources, 923 F.2d 1071 (3d Cir. 1991).  In applying these factors, the Third Circuit concluded that district courts "did not have open-ended discretion to decline jurisdiction" when the issues in a declaratory judgment action "included federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  State Auto Ins. Companies. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000).

Where a declaratory judgment action involves only state law issues, however, relevant considerations include "a general policy of restraint when the same issues are pending in state court" and "avoidance of duplicate litigation."  Summy at 134. Federal courts should "hesitate" to exercise jurisdiction where state law issues are close or unsettled.  Id.  A federal court "should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation."  Id. at 135.

Applying these factors here, the Court concludes that it should dismiss the case.  AMA's declaratory judgment claim here is, essentially, its defense to the Maple LP's state court claim for specific performance.  The issues raised here will

therefore necessarily be fully raised and adjudicated in the state court proceedings.

Although AMA suggests that the state court forum is inadequate because the claims in state court are broader than those in this suit and may therefore take longer to resolve, this argument is contradicted by the current status of the state court proceedings. Those proceedings, having begun eight months before this case, are already in the midst of discovery, and there is no basis for concluding that they will be unduly delayed or that the state court will be an inadequate forum. The central inquiry demanded by <u>Wilton</u> and <u>Brillhart</u> of whether the issues in the federal suit can be fully and better resolved in the state court is therefore satisfied here.

None of the federal issues identified in <u>Summy</u> as justifying the exercise of jurisdiction exist here. The issues here are entirely ones of state law. Although the state law issues here, unlike those in <u>Summy</u>, are well-settled, this factor alone does not warrant the exercise of jurisdiction. Finally, the exercise of jurisdiction here would result in the "duplicative and piecemeal litigation" that the Third Circuit has cautioned district courts to avoid. This case should therefore be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMA/AMERICAN MARKETING         :      CIVIL ACTION
ASSOCIATION, INC.              :
                               :
      v.                       :
                               :
MAPLE AVENUE PARTNERS, L.P.    :      NO. 07-1650

<u>ORDER</u>

AND NOW, this 17th day of July, 2007, upon
consideration of the Motion of Defendant Maple Avenue Partners,
L.P. to Dismiss or to Stay Proceedings (Docket No. 5) and
plaintiff's response thereto, IT IS HEREBY ORDERED that said
motion is GRANTED for the reasons stated in the accompanying
memorandum.  This case is hereby dismissed.


                              BY THE COURT:



                              <u>/s/ Mary A. McLaughlin</u>
                              MARY A. McLAUGHLIN, J.